UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00238-FDW-DSC

| | | |
|---|---|---|
| CLOVIS CAPITAL VENTURES, LLC, SMITH CLOVIS CAPITAL HOLDINGS, LLC, SMITH AND SONS ENTERPRISES, LLC, FORTIS CAPITAL HOLDINGS, LLC, DOUGLAS R SMITH, DRS FAMILY MANAGEMENT, LLC, MARY LUCZAK-SMITH, | ) ) ) ) ) ) ) ) | ORDER |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| AVERY CHAPMAN, CHAPMAN LEGAL GROUP, TARYN HARTNETT, DRS FAMILY HOLDINGS, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

THIS MATTER is before the Court upon Plaintiffs' Motion to Strike Defendants' Answers and Counterclaims (Doc. No. 30), Plaintiffs' Motion to Dismiss Defendants' Counterclaims (Doc. No. 31), and Plaintiffs' Motion to Dismiss Defendants' Counterclaims (Doc. No. 33). Upon review by the Court, for the reasons below, Plaintiffs' Motions are DENIED.

## MOTIONS TO DISMISS

Plaintiffs' filed this case alleging, among other things, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), thus giving this Court federal question jurisdiction over the Complaint. Plaintiffs now request this Court to dismiss Defendants' Counterclaims for lack of jurisdiction because they are all state law claims. Federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. 28 U.S.C.A.

§ 1367. "The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." Isaac v. N. Carolina Dep't of Transp., 192 F. App'x 197, 199 (4th Cir. 2006) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).)

Here, the facts presented to support both sets of Counterclaims arise out of the common nucleus of operative fact presented in the complaint. By asserting RICO claims, Plaintiffs' have availed themselves to an array of counterclaims. Generally, the alleged RICO violations stem from the business relationships between Plaintiffs and Defendants. Defendants in turn, assert claims that focus on related business relationships, thus allowing the Court to exercise supplement jurisdiction. Therefore, the Court denies that portion of Plaintiffs' motion to dismiss for lack of jurisdiction.

Having determined that the Court will exercise jurisdiction over the counterclaims, the Court turns to Plaintiff's motion to dismiss Defendants' Counterclaims pursuant to Rule 12(b)(6). The Court has reviewed the Counterclaims and applicable law and hereby DENIES this motion. This ruling is without prejudice to Defendants to reassert their arguments at summary judgment.

## MOTION TO STRIKE

Plaintiffs also move to Strike Defendants' Answers and Counterclaims. Under Rule 12(f), a district court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Plaintiffs contend that certain allegations presented in the Defendants' Answers are prejudicial, immaterial, and scandalous. Plaintiffs' Motion to Strike Defendants' Answers and Counterclaims is DENIED. This Court can address the evidentiary issues regarding these allegations and determine their admissibility at a later date pursuant to Rule 404 of the Federal Rules of Evidence.

## CONCLUSION

For the abovementioned reasons, Plaintiffs' Motions to Dismiss Defendants' Counterclaims (Doc. No. 31 and 33) are DENIED. Plaintiffs' Motion to Strike Defendants' Answers and Counterclaims (Doc. No. 30) is also DENIED. This ruling is without prejudice to reassert Defendants' 12(b)(6) arguments in a motion for summary judgment, should one be filed.

**IT IS SO ORDERED.**

Signed: September 25, 2014

Frank D. Whitney
Chief United States District Judge