# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:14-CV-00238-MOC-DSC

| | |
|---|---|
| **DOUGLAS R SMITH, et. al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AVERY CHAPMAN, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION
## AND CERTIFICATION OF FACTS

**THIS MATTER** is before the Court on the "Motion by All Defendants for Contempt and Sanctions Against Plaintiff Douglas R. Smith" (document #83) filed on April 29, 2015 and the parties' associated briefs and exhibits. See documents ##84, 102 and 107.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for determination.

## I.  MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges and states "[a] United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." 28 U.S.C. § 636(e)(1).  The statute sets out the criminal contempt authority of a magistrate judge and the scope of his or her civil contempt authority in civil consent and misdemeanor cases.

The federal contempt law bestows power upon federal courts to punish "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). In order to support a conviction under § 401(3), the evidence must demonstrate that "the defendant willfully violated a decree that was clear and left no uncertainty in the minds of those that heard it." United States v. Linney, 134 F.3d 274, 278 (4th Cir.1998); see United States v. Allen, 587 F.3d 246, 255 (5th Cir.2009) (per curiam) ("[T]he elements of criminal contempt under 18 U.S.C. § 401(3) are: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." (internal quotation marks omitted)).

## II. CERTIFIED FACTS

On April 20, 2015, the Court granted the "Motion by All Defendants to Compel Attendance of Plaintiff Douglas R. Smith at Deposition" (document #50). See "Order" (document #75). The Court ordered Plaintiff to appear for his deposition at the time and place noticed in West Palm Beach, Florida on April 28, 2015.

On April 28, 2015, prior to completing his deposition, Plaintiff refused to answer questions and abruptly departed. Plaintiff was being asked about allegations in the unsealed qui tam action against his company, United States ex rel Brian Eberhard v. Physicians Choice Laboratory Services, LLC, Case No. 2:14-cv-02426, presently pending in the United States District Court for the Western District of Tennessee.

On April 29, 2015, Defendants filed the subject Motion, stating that Plaintiff had walked out of his Court ordered deposition.

## III.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the District Judge issue an order for Plaintiff to appear at a date certain for a hearing to show cause why he should not be held in contempt for failing to comply with the Court's April 20, 2015 "Order" (document #75).

The Clerk is directed to send copies of this Memorandum and Recommendation and Certification of Facts to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED**.

Signed: June 9, 2015

David S. Cayer
United States Magistrate Judge